IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| for the use and benefit of | ) | |
| GREENMOOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-234 |
| | ) | |
| TRAVELERS CASUALTY AND | ) | Judge David Stewart Cercone |
| SURETY COMPANY OF AMERICA, | ) | Magistrate Judge Amy Reynolds Hay |
| | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BURCHICK CONSTRUCTION | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Intervenor-Defendant, | ) | |

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND | ) | |
| SURETY COMPANY OF AMERICA, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| for the use and benefit of | ) | |
| GREENMOOR, INC., | ) | |
| | ) | RE: Dkt. [35] |
| Counter-Defendant. | ) | |

## **MEMORANDUM ORDER**

Presently before the court is a Motion to Stay pending Completion of a Parallel State

Court Action, filed by the Plaintiff, Greenmoor, Inc. ("Greenmoor"). Dkt. [35]. For the reasons

that follow, the motion will be denied.

Because we write for the benefit of the parties who are familiar with all of the facts in this

case, only a brief statement of the most pertinent facts is necessary here. Burchick Construction

Company, Inc. ("Burchick") is the general contractor for renovations at the Moorhead Federal Building in Pittsburgh.  Burchick contracted with Greenmoor to perform asbestos abatement work on the project, which was divided into five phases.  Burchick terminated its contract(s) with Greenmoor during the second phase of the work, allegedly for deficient work.

Thereafter, on April 29, 2005, Greenmoor filed suit against Burchick in the Court of Common Pleas for Washington County, Pennsylvania, at GD No. 2005-2275, which proceeded to a hearing on Greenmoor's motion for a preliminary injunction.  On September 20, 2005, the trial court judge granted Greenmoor's motion and ordered Burchick to reinstate Greenmoor to the third phase of the work.  Burchick reinstated Greenmoor but also appealed the trial court's ruling.

While the state court suit was on appeal, Greenmoor instituted suit against Burchick's surety, Travelers Casualty and Surety Company of America ("Travelers") in federal district court pursuant to the Miller Act, 40 U.S.C. §§ 3133 , et seq., on February 21, 2006.  Burchick intervened in this action and subsequently filed a counterclaim against Greenmoor on August 8, 2006.

On September 11, 2006, the Pennsylvania Superior Court reversed.  Several weeks thereafter, Burchick again terminated the subcontract(s) with Greenmoor.

This court referred the case to arbitration and set discovery to close on July 5, 2007, followed by the arbitration proceeding after all pretrial statements are filed on July 25, 2007.  On April 18, 2007, Burchick moved for a stay in the state court action.  On June 18, 2007, Greenmoor moved for a stay in this action.

The prevailing standard governing the relief sought here was enunciated in Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-819 (1976) and its

2

progeny.  The Colorado River abstention doctrine, also known as the "exceptional circumstances" test,  authorizes a district court to stay a case where a duplicate or parallel state court case is pending.  Id. at 818.  Generally, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."  McClellan v. Carland, 217 U.S. 268, 282 (1910).  This is so because there is a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  Colorado River, 424 U.S. at 817.  Thus, abstention is an extraordinary and narrow exception to the general rule.  Id. at 813.

When considering whether abstention in favor of parallel state proceedings is appropriate, the court may consider the following nonexclusive factors: (1) the preference accorded to the first court assuming jurisdiction over property; (2) the relative inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the relative order in which jurisdiction was obtained by the concurrent forums; (5) whether a federal question is presented; and (6) whether either action was a contrived, defensive reaction to the other.  Id. at 818-819; Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 17-18 n. 20 (1983).  These factors are to be balanced, with no particular favor shown to any one factor, but generally weighted in favor of the exercise of federal jurisdiction.  See id. at 16 ("[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.  The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case.").  Stated differently, the court's task "is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under Colorado River to justify the surrender of that

jurisdiction." Id. at 25-26, quoting Colorado River, 424 U.S. at 818-819.  On balance, there are no exceptional circumstances, nor the clearest justification, to grant the stay in this case.

> **Factor 1:       The preference accorded to the first court assuming jurisdiction over property**

Neither the state court case nor the instant one concerns jurisdiction over any property. Therefore, factor one is of no value to the abstention inquiry here.

> **Factor 2:       The relative inconvenience of the federal forum**

The project site, Burchick's place of business, the place of business of the replacement subcontractor, and many witnesses are located in or very near downtown Pittsburgh where this court sits.  Thus, Burchick argues, the federal forum is the more convenient forum.  Greenmoor's place of business and its witnesses are located in Washington County, which adjoins Allegheny County.  We take judicial notice of the fact that the Washington County Courthouse is roughly thirty miles from the federal courthouse in downtown Pittsburgh.  Given the relatively close proximity of these courthouses and the fact that witnesses will be located in both forums, it does not appear that either forum is any more or less convenient that the other.  Therefore, factor two is of no value to the abstention inquiry.

> **Factor 3:       The desirability of avoiding piecemeal litigation**

Greenmoor argues that a stay will avoid piecemeal litigation.  Specifically, Greenmoor notes that because any claim asserted in the federal court action is subsumed within the broader claims asserted in the state court action, resolution of the state court action will be determinative of the federal court action, "if not altogether obviat[ing] the need to even continue with this action."  Greenmoor's Brief in support of the Motion to Stay, Dkt. [36], p. 11.  Additionally, Greenmoor asserts that the converse is not true since if Greenmoor prevails in the federal court

action there will still remain the issue of damages on phases three through five to be litigated in the state court action.  Id.

Greenmoor's argument, however, overlooks the fact that Travelers is not and cannot be a party to the state court litigation and that Travelers may have defenses against Greenmoor's claims that Travelers obviously cannot assert in the state court action since it is not and cannot be a party there.  As well, it is not settled law in the Third Circuit that any state court judgment Greenmoor might obtain against Burchick would be binding against Travelers in this Miller Act case.  We note that there are cases from other circuits on both sides of the arguments as to whether or not a state court judgment would be binding on the surety here.  See , e.g., United States Fidelity & Guaranty Co. v. Hendry Corp., 391 F.2d 13 (5th Cir. 1968)(state court judgment did not bind the surety in the subcontractor's Miller Act suit); United States ex rel. Skip Kirchdorfer, Inc. v. M.J. Kelley Corp.,  1232 (11th Cir. 2000)(surety on Miller Act subcontract was bound by an arbitration decision ratified by a state court even though surety was not a named party in the arbitration and made no appearance there); Cecil's Inc. V. Morris Mech. Enter., Inc., 735 F.2d 437, 439-440 (11th Cir. 1984)(surety and principal liable for arbitration award where they declined the opportunity to appear at the arbitration proceeding in non-Miller Act case).  At present, the parties have not placed this issue before the court and, thus, we need not decide it.   In any event, it appears that the resolution of either the state court action or the federal court action may not completely resolve all of the issues between all of the parties.  Therefore, a stay in either case may not avoid piecemeal litigation or promote judicial economy.

**Factor 4:      *The relative order in which jurisdiction was obtained by the concurrent forums***

It appears that while the state court action was filed first, it proceeded to address at the outset the request for equitable relief through Greenmoor's motion for preliminary injunction. Following the Superior Court's resolution of the equitable question, the case is now in a posture to pursue the questions of law that remain.

No trial date has been set in either case. Indeed, the cases appear to be at approximately the same stage of litigation, i.e., in or near the end of discovery. Additionally, it would appear that any discovery conducted in each case would be applicable to the other. Therefore, factor four adds little value to the abstention analysis.

**Factor 5:      *Whether a federal question is presented***

Congress provided that the United States district courts have "exclusive federal question jurisdiction" for actions under the Miller Act. Arrow Concrete Company v. Ohio Farmers Insurance Company, 981 F.Supp. 443, 444 (S.D.W.Va. 1997). That said, however, the underlying breach of contract claims that form the basis of the Miller Act claim will be determined on the basis of state law. Therefore, factor five does not assist the abstention inquiry here.

**Factor 6:      *Whether either action was a contrived, defensive reaction to the other***

There is no evidence that either action was a contrived, defensive reaction to the other. Accordingly, factor six is of no value to the abstention inquiry in this case.

In sum, none of the above-noted factors counsels against the concurrent state and federal proceedings. There simply are no exceptional circumstances here to justify granting a stay of the Miller Act claim that Greenmoor itself initiated. Accordingly, the following Order is entered:

6

AND NOW, this 13th day of July, 2007, IT IS HEREBY ORDERED that the plaintiff's motion to stay is DENIED.

/s/  *Amy Reynolds Hay*
United States Magistrate Judge


cc:     All counsel of record by Notice of Electronic Filing