**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of GREENMOOR, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Civil Action No. 06-234 |
| v. | ) ) | Magistrate Judge Cathy Bissoon[1] |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and BURCHICK CONSTRUCTION COMPANY, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

## I.   MEMORANDUM

Pending before the Court are Defendant Burchick Construction Company, Inc.'s ("Defendant's") Motion for Preliminary Injunction (Doc. 195) and Defendant's Motion for Leave to Deposit Money With Court (Doc. 197). For the reasons stated herein, the Court will deny Defendant's motion for preliminary injunction, and grant in part and deny in part Defendant's motion for leave.

## BACKGROUND

The facts of this case were set forth in the Court's Findings of Fact and Conclusions of Law (Doc. 143). Following a bench trial, the Court entered judgment on December 4, 2009, awarding monetary relief to both Plaintiff Greenmoor, Inc. and Defendant (Doc. 144). The judgment was amended on August 20, 2010 (Doc. 165) and August 4, 2011 (Doc. 188), to specify the amount of statutory interest to be awarded to Plaintiff, and to specify the amount of attorneys' fees and costs to be awarded to Defendant. The amount of the monetary award to

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. See Consent forms (Doc. 70).

Defendant combined with the amount of the attorneys' fees and costs award exceeds the amount of the monetary award to Plaintiff, but the monetary award to Plaintiff continues to accumulate interest under the Pennsylvania Contractor and Subcontractor Payment Act ("CSPA").  The monetary award to Plaintiff was partially based upon a finding that Defendant breached an escrow agreement when it failed to release funds to Plaintiff from an escrow account.  See Findings of Fact and Conclusions of Law at 102-05, 108-09 (Doc. 143).  This Court found that "Greenmoor is entitled to the escrow account balance, as well as the accumulated interest owed on that balance."  Id. at 108-09.  This Court further found that, pursuant to the CSPA, Defendant was liable to Plaintiff for interest on the escrow account balance.  Id.

On August 4, 2011, Defendant submitted a letter to the escrow agent requesting payment of all funds in the escrow account to Defendant.  Doc. 190-1 at 22.  On August 5, 2011, Defendant tendered a check to Plaintiff for $174,244.48.  Letter from K. Fernsler to J. Katarincic (Aug. 5, 2011) (Doc. 196-6).  According to Defendant, this amount represented the escrow account balance at the time, minus the amount Plaintiff owed Defendant as a result of this Court's judgment, and thus was being tendered "in full and final satisfaction of all of the final judgments of the Court to date."[2]  Id.  On August 29, 2011, Plaintiff returned the $174,244.48 check to Defendant.  Letter from J. Katarincic to D. Jameson III (Aug. 29, 2011) (Doc. 196-7).

On August 26, 2011, Plaintiff filed a complaint against Joseph E. Burchick and Defendant in the Court of Common Pleas of Allegheny County, asserting causes of action for fraud and conversion.  Katarincic Decl. (Doc. 190).  In Plaintiff's State court complaint, Plaintiff

---

[2]   Because this Court's judgment included the amount of the escrow account balance, the $174,244.48 tendered by Defendant appears to be an arbitrary amount.  Had Plaintiff accepted the $174,244.48 in satisfaction of this Court's judgment, it apparently would have given Plaintiff a double recovery for its claim for breach of the escrow agreement.  What this amount represents, however, is immaterial to the resolution of Defendant's motions.

alleges that Defendant made a fraudulent representation to the escrow agent in order to have the escrowed funds released to Defendant.  See State Court Complaint (Doc. 190-1).

Also on August 26, 2011, Plaintiff filed a notice of appeal (Doc. 191) in this case.  On September 8, 2011, Defendant filed a notice of cross-appeal (Doc. 193).  On September 19, 2011, Defendant filed its Motion for Preliminary Injunction (Doc. 195) to stay Plaintiff's State court action.  On the same day, Defendant filed its Motion for Leave to Deposit Money With Court (Doc. 197), requesting leave to deposit $174,244.48 with this Court.  Defendant's "Motion for Leave" also requests that this Court "declare that interest on the judgment amount owed by [Defendant] to [Plaintiff] stopped accruing as of August 5, 2011, so long as [Defendant] deposits the designated amount with the Court within the time provided by the Order of Court."  Motion for Leave at 3 (Doc. 197).

## ANALYSIS

### A. Motion for Preliminary Injunction

Despite the pending appeal, this Court maintains jurisdiction to rule on Defendant's motion for preliminary injunction.  See Fed. R. App. P. 8(a)(1)(C); Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97 (3d Cir. 1988).

The Anti-Injunction Act provides that:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.  The Act prohibits enjoining state court proceedings, unless the injunction falls within one of the three specifically defined statutory exceptions.  Choo v. Exxon Corp., 486 U.S. 140, 146 (1988); Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970).  "[A]ny doubts as to the propriety of a federal injunction against state court proceedings

should be resolved in favor of permitting the state courts to proceed." <u>Smith v. Bayer Corp.</u>, __

U.S. __, __, 131 S.Ct. 2368, 2375 (2011) (quoting <u>Atl. Coast Line R.R.</u>, 398 U.S. at 297).

Defendant asserts that an injunction may be granted in this case under either of the last two

exceptions.

      1.  <u>Protect and Effectuate Judgments Exception</u>

      The Anti-Injunction Act's exception "to protect or effectuate . . . judgments" is known as

the "relitigation exception." <u>Smith</u>, __ U.S. at __, 131 S.Ct. at 2375.  The relitigation exception

"authorizes an injunction to prevent state litigation of a claim or issue 'that previously was

presented to and decided by the federal court.'" <u>Id.</u> (quoting <u>Choo</u>, 486 U.S. at 147).

Application of the relitigation exception is "strict and narrow," because "[d]eciding whether and

how prior litigation has preclusive effect is usually the bailiwick of the *second* court." <u>Id.</u>  Thus,

"every benefit of the doubt goes toward the state court; an injunction can issue only if preclusion

is clear beyond peradventure." <u>Id.</u> (citation omitted).  The relitigation exception can apply only

if the "issues which the federal injunction insulates from litigation in state proceedings actually

have been decided by the federal court." <u>Smith</u>, __ U.S. at __, 131 S.Ct. at 2376 (quoting <u>Choo</u>,

486 U.S. at 148).

      In Plaintiff's State court complaint, Plaintiff alleges that Defendant made a fraudulent

representation to the escrow agent in order to have the escrowed funds released to Defendant.

<u>See</u> State Court Complaint (Doc. 190-1).  This Court did not decide any issues related to

Defendant's actions in having funds released from the escrow account.  Indeed, this Court could

not have determined such issues, because the conduct alleged in Plaintiff's State court complaint

occurred after this Court issued its Findings of Fact and Conclusions of Law.  In light of this

Court's judgment, which included a monetary award to Plaintiff for the amount of the balance in

the escrow account, it is unclear what additional damages Plaintiff may have suffered as a result

of Defendant's allegedly fraudulent conduct.  But this Court did not consider or decide that issue

and must defer to the State court.  See Smith, __ U.S. at __, 131 S.Ct. at 2375-76.  Similarly, the

State court, not this Court, should decide whether Plaintiff's actions in the State court are not in

good faith and vexatious, as asserted by Defendant.  Thus, the relitigation exception does not

permit the injunction requested by Defendant.

    2.  Necessary In Aid Of Jurisdiction Exception

    For an injunction to be permissible as "necessary in aid of" a federal district court's

jurisdiction, "it is not enough that the requested injunction is related to that jurisdiction, but it

must be 'necessary in aid of' that jurisdiction."  Atl. Coast Line R.R., 398 U.S. at 295.  This

"exception applies only 'to prevent a state court from so interfering with a federal court's

consideration or disposition of a case as to seriously impair the federal court's flexibility and

authority to decide that case.'"  In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab.

Litig., 134 F.3d 133, 144 (3d Cir. 1998) (quoting Atl. Coast Line R.R., 398 U.S. at 295).

    Defendant has not articulated any coherent explanation for why the requested injunction

is necessary in aid of this Court's jurisdiction.  Defendant suggests that Plaintiff's State court

action will require the State court to determine if Defendant acted contrary to this Court's

judgment when Defendant had funds in the escrow account released.  See Def.'s Br. at 6-7 (Doc.

196).  This Court's judgment awarded monetary relief.  As Defendant itself argues, this "Court

did not enter an Order of specific performance or injunctive relief regarding the Escrow Account,

nor did Greenmoor ever request such relief."  Def.'s Br. at 4 (Doc. 196).  Whether Defendant

acted fraudulently in having the escrowed funds released has no effect on this Court's judgment,

and a State court's determination of that issue will not impair this Court's "flexibility and

authority" over this case.

5

Because the requested injunction will not "prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case," the "in aid of jurisdiction" exception does not permit an injunction in this case. In re Gen. Motors Corp., 134 F.3d at 144 (quoting Atl. Coast Line R.R., 398 U.S. at 295).

### B.  Motion for Leave

Though not raised by either party, this Court must determine whether it has jurisdiction to rule on Defendant's Motion for Leave.  "As a general rule, the filing of a notice of appeal divests the district court of jurisdiction over the case pending disposition of the appeal." Mary Ann Pensiero, 847 F.2d at 97 (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)).  Exceptions to this rule exist for staying the judgment or order of the district court, approving supersedeas bonds, and suspending, modifying, restoring or granting an injunction. Id.; Fed. R. App. P. 8(a).  Additionally, the district court retains jurisdiction over matters "uniquely separable" or "collateral" from the decision on the merits.  Mary Ann Pensiero, 847 F.2d at 98.  Such matters include requests for attorneys' fees and motions for sanctions under Federal Rule of Civil Procedure 11.  Id.

Defendant's request for leave to deposit money with this Court is "collateral" to the merits of this case.  This Court, therefore, retains jurisdiction to grant Defendant leave to deposit money with this Court.  Because Plaintiff provides no substantive objection to Defendant's deposit of money with this Court, this Court will grant Defendant's motion for leave to the extent it requests leave to deposit money with this Court.[3]

---

[3]   Plaintiff only disputes the effect of Defendant's deposit of money with this Court on the accrual of CSPA interest.  See Pl.'s Response to Motion for Leave (Doc. 198).

Defendant's request for a declaration regarding the accrual of CSPA interest, however, does not fall within any exception to the general rule that this Court is divested of jurisdiction pending resolution of an appeal.  Defendant's request for a declaration regarding CSPA interest relates to the merits of this case, particularly since Defendant intends to raise on appeal the issues of whether Plaintiff is entitled to any CSPA interest and whether this Court's monetary award in favor of Defendant should be offset against the award to Plaintiff before calculating CSPA interest.  <u>See</u> Def.'s Concise Summary of the Case in U.S. Court of Appeals for the Third Circuit Case No. 11-3449, at 3.  This Court, therefore, lacks jurisdiction to rule on Defendant's request for a declaration regarding the accrual of interest under the CSPA.

## CONCLUSION

For all of the reasons stated above, Defendant's motion for preliminary injunction is denied, Defendant's motion for leave is granted in part and denied in part.

## II.   ORDER

For the reasons stated above, the Court hereby **ORDERS** that Defendant's Motion for Preliminary Injunction (Doc. 195) is **DENIED**.  Defendant's Motion for Leave to Deposit Money With Court (Doc. 197) is **GRANTED IN PART** and **DENIED IN PART**.  Defendant's Motion for Leave is granted with respect to the request for leave to deposit $174,244.48 with this Court.  Defendant's Motion for Leave is denied without prejudice with respect to the request for a declaration regarding the accrual of interest under the Pennsylvania Contractor and Subcontractor Payment Act.  Defendant Burchick Construction Company, Inc. is permitted to deposit money with the Clerk of Court.

If Defendant makes such a deposit, as soon as the business of the office allows, the Clerk will deposit the money into an interest bearing account by delivering a check in the amount of $174,244.48 to PNC Bank for deposit into a Business Premium Money Market Account at the

rate then obtaining.  In return the Clerk is to receive an indicia of ownership showing the account title which shall read:

United States District Court for the
Western District of Pennsylvania
Clerk of Court, Trustee

Civil Action No. 2:06-234

The depository, PNC Bank, shall continue to maintain the account until further order of Court and will pay to the Court a percentage of all interest earned to satisfy a handling fee set by the Judicial Conference.  The interest will be paid to the Court when the account is closed, matures, or rolls over.

**IT IS SO ORDERED**.


                                        s/ Cathy Bissoon
                                        Cathy Bissoon
                                        U.S. Magistrate Judge

October 16, 2011

cc (via e-mail):

All counsel of record.